# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Travis Lee Kitchen, : 
            Petitioner : 
       : 
      v. : No. 2161 C.D. 2014
       : Submitted: July 2, 2015
Pennsylvania Board of Probation : 
and Parole, : 
            Respondent : 


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                      FILED: September 30, 2015

Travis Lee Kitchen petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal. Kitchen's appointed counsel, Erie County Assistant Public Defender Tina M. Fryling (Counsel), has filed an application for leave to withdraw as counsel. Finding no error in the Board's decision, we affirm and also grant Counsel leave to withdraw.

Kitchen's original sentence stems from convictions in 1999 for receiving stolen property and bad checks and convictions in 2000 for sexual abuse of children (2 counts). He received an aggregated sentence on all of the charges equaling 4 years, 10 months to 14 years, eight months. His maximum sentence date was calculated to be March 2, 2014.

On September 19, 2005, Kitchen was paroled. He remained on parole until May 14, 2013, when he was arrested on new criminal charges of possession of a controlled substance, with intent to deliver. Specifically, Kitchen was charged with selling Oxycodone tablets to a confidential informant on two occasions in 2012. A Board detainer was then lodged against him. Kitchen remained in prison on the new criminal charges because he was unable to post bail.

On February 26, 2014, Kitchen entered a guilty plea to one count of delivery of a controlled substance and was sentenced to a term of incarceration ending on May 8, 2014, at which time he was detained on the Board's warrant and committed to SCI-Albion.

Prior to his return to SCI-Albion, Kitchen waived his right to counsel and to a panel hearing and requested that his hearing be held before an examiner. Certified Record (C.R.), Item 10 at 96-97. After the hearing, the examiner issued a report recommending that Kitchen be recommitted for 12 months. The report noted that the presumptive range for backtime to be served was 24-36 months; however, the examiner recommended a lesser recommittal because of Kitchen's positive adjustment on parole from 2005 until the time of his arrest. C.R. Item 10 at 90.

The report also chronicled Kitchen's account of the circumstances of his arrest and conviction. Kitchen claimed that he had a friend with an opiate problem, whom he convinced not to buy drugs from "Michelle." Instead, Kitchen offered to supply this friend with prescription drugs to relieve her withdrawal symptoms. Because his friend owed Michelle money, he gave Michelle, who turned out to be a confidential informant, some of these prescription drugs to pay his friend's debt. Kitchen regards himself as an enabler, not a drug dealer.

2

On May 28, 2014, the Board recommitted Kitchen as a convicted parole violator to serve 12 months backtime. Kitchen was convicted of delivery of a controlled substance pursuant to Section 13(a)(30) of the Controlled Substance, Drug, Device and Cosmetic Act (Drug Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30). Section 13(f)(1) of the Drug Act classifies the delivery of Oxycodone, a Schedule II drug, as a felony with a statutory maximum sentence of 15 years. 35 P.S. §780-113(f)(1).[1] Title 37 of the Pennsylvania Code establishes the presumptive ranges for parole violators convicted of drug crimes. 37 Pa. Code §75.2.[2] A felony drug law violation with a statutory maximum of 15 years has a presumptive recommitment range of 24-36 months. *Id.*

---

[1] It states, in relevant part, as follows:

> Any person who violates clause (12), (14) or (30) of subsection (a) with respect to:
>
> > (1) A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug, is guilty of a felony and upon conviction thereof shall be sentenced to imprisonment not exceeding fifteen years, or to pay a fine not exceeding two hundred fifty thousand dollars ($250,000), or both or such larger amount as is sufficient to exhaust the assets utilized in and the profits obtained from the illegal activity.

35 P.S. §780-113(f)(1).

[2] It states, in relevant part, as follows:

> If the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the following presumptive ranges:
>
> > ***
>
> Drug Law Violations:
>
> Felony with Statutory Maximum of 15 years [-] 24 months to 36 months[.]

37 Pa. Code §75.2.

3

The Board accepted the examiner's report and reduced Kitchen's backtime to 12 months, based on his "positive adjustment on parole since 2005 until arrest." Board opinion, C.R. No. 11 at 101. The Board recalculated Kitchen's maximum sentence date to October 19, 2022.

Kitchen filed an administrative appeal seeking "some credit" towards his backtime. C.R. No. 12 at 103. His request was denied. The Board explained that Kitchen voluntarily waived his right to counsel and a panel hearing; that the Board was entitled to forfeit the time he spent at liberty on parole, based on his new conviction; and that his maximum sentence date was correctly calculated.

Kitchen petitioned for this Court's review.[3] The petition for review states that the Board erred in "extending his maximum sentence date." Petition for Review, ¶5. Counsel seeks to withdraw from her representation of Kitchen because she believes this issue lacks merit. On March 30, 2015, this Court ordered Counsel to advise Kitchen of her request to withdraw and to inform Kitchen of his right to obtain counsel at his own expense or to file a *pro se* brief to this Court. Counsel complied with this Order on April 13, 2015. New counsel has not filed an appearance, and Kitchen has not filed a brief to this Court in support of the issue raised in the petition for review.

We begin with the technical requirements for a petition to withdraw from representation. When counsel believes an appeal lacks merit he may file a petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa.

---

[3] Our review is to determine whether substantial evidence supports the Board's decision, whether the Board erred as a matter of law, and whether the parolee's constitutional rights were violated. *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n.3 (Pa. Cmwlth. 2009).

4

1988).  This Court has summarized the requirements established by *Turner* as follows:

> [C]ounsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928).  "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of his right to proceed *pro se* or by new counsel." *Zerby*, 964 A.2d at 960. This Court then reviews the contents of the no-merit letter to determine whether it meets the requirements of *Turner*.  *Id.*  If it does, this Court conducts its own review of the merits of the parolee's appeal.  If we agree with counsel that the issues lack merit, then we will permit counsel to withdraw and deny relief. *Id.*

Counsel's no-merit letter details her review of Kitchen's criminal record, addresses the issue raised by Kitchen and explains why it lacks merit. Additionally, the record establishes that Kitchen received a copy of the no-merit letter and Counsel's petition to withdraw and was advised of his right to proceed *pro se* or by new counsel.

Having determined that Counsel has fulfilled the procedural requirements for withdrawal of representation, we now consider the merits of Kitchen's appeal.  Because Kitchen has not filed a brief, we are left with his claim in the petition for review that the Board erred in its calculation of his maximum sentence date.

Convicted parole violators are subject to the following:

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a). In sum, when a convicted parole violator is recommitted, he is not given credit for the time spent at liberty on parole, unless the Board, in its discretion, concludes a credit is warranted. When "reviewing the Board's discretionary acts, this Court will only overturn the Board's actions where the Board acts in bad faith, fraudulently, capriciously or commits an abuse of its power." *Badelli v. Pennsylvania Board of Probation and Parole*, 76 A.3d 92, 96

6

(Pa. Cmwlth. 2013), *petition for allowance of appeal denied*, 83 A.3d 416 (Pa. 2014). An arbitrary, capricious or unreasonable determination is established when the Board's actions cannot be supported by the record. *Id*.

Kitchen fails to establish, or even claim, the Board abused its discretion. In fact, the record establishes that the Board did consider the long period of time Kitchen spent on parole, prior to his arrest, and rewarded Kitchen by limiting his backtime to 12 months; the presumptive range permitted the Board to impose backtime of up to 36 months.

The Board is not required to credit Kitchen for the time he spent at liberty on parole. Kitchen was given the opportunity to have his time spent outside of prison credited toward his sentence. However, he lost that privilege by committing a new criminal offense. As such, the Board properly forfeited his street time and recommitted him to serve the remaining portion of his original sentence.

Counsel has fulfilled the technical requirements for withdrawing her representation, and our independent review of the record before the Board reveals that Kitchen's appeal lacks merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

_____
MARY HANNAH LEAVITT, Judge

President Judge Pellegrini concurs in the result only.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Travis Lee Kitchen,           :
         Petitioner      :
                          :
        v.               :   No. 2161 C.D. 2014
                          :
Pennsylvania Board of Probation   :
and Parole,                    :
         Respondent    :

## **O R D E R**

AND NOW, this 30th day of September, 2015, the order of the Pennsylvania Board of Probation and Parole, dated October 19, 2014, is AFFIRMED and the application for leave to withdraw as counsel filed by Tina M. Fryling is GRANTED.

_____
MARY HANNAH LEAVITT, Judge