IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone Eldridge,                              :
                    Petitioner               :
                                             :
          v.                                 :    No. 2554 C.D. 2015
                                             :    Submitted: July 15, 2016
Pennsylvania Board of Probation              :
and Parole,                                  :
                    Respondent               :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                        FILED: September 12, 2016

Tyrone Eldridge (Eldridge), an inmate at SCI-Coal Township, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal.[1] Eldridge asserts that the Board erred in its recalculation of his maximum sentence date after recommitting him for violating his parole. Eldridge's appointed counsel, James L. Best, Esquire (Counsel), has petitioned for leave to withdraw his representation. We deny Counsel's application to withdraw.

On May 24, 1991, Eldridge was sentenced to a minimum sentence of 12 years to a maximum of 25 years after his conviction for robbery and possession

---

[1] Initially, Eldridge filed a petition for post-conviction relief in the Court of Common Pleas of Philadelphia County on June 16, 2015. On December 1, 2015, the Court of Common Pleas transferred the petition to this Court, finding that it raised no cognizable issues under the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9551. On January 4, 2016, this Court issued an order treating Eldridge's petition as a petition for review of a Board adjudication.

of an instrument of crime. At the time the sentence was imposed, Eldridge's maximum sentence date was December 13, 2015. Certified Record at 5, 18 (C.R. __). Between 2003 to 2006, the Board granted Eldridge parole twice but revoked it for parole violations. C.R. 150-51, 154. On July 2, 2007, Eldridge was again released on parole. C.R. 5, 150. He was arrested for retail theft on September 1, 2009. The Board recommitted him and recalculated his maximum sentence on the robbery offense to April 16, 2016. C.R. 30-33.

On November 13, 2012, Eldridge was released on parole from SCI-Chester. C.R. 40-41. On August 19, 2013, the Board issued a warrant to commit and detain Eldridge for violation of parole conditions. C.R. 46. He was then sent to a parole violation center and later reparoled on December 9, 2013. C.R. 84. On May 13, 2014, Eldridge was arrested for retail theft in Delaware County, which prompted the Board, on the same day, to issue a warrant to commit and detain Eldridge. C.R. 68, 81. On July 14, 2014, Eldridge pled guilty and was sentenced to 12 months of probation. C.R. 78-79, 95. On September 29, 2014, the Board issued a decision recommitting Eldridge as a convicted parole violator to serve a total of six months of backtime. C.R. 152-53. The Board determined not to give Eldridge credit for time at liberty on parole or "street time" (four years, four months and fourteen days), and recalculated Eldridge's maximum sentence to February 4, 2020. C.R. 150-55.

On October 8 and 27, 2014, Eldridge wrote letters to the Board requesting administrative relief. C.R. 156-62. In his letters, he argued that the Board erred by not crediting his sentence for four years, four months and fourteen days of street time. *Id.* Eldridge asserted that during that time he was not at liberty but confined in his home. C.R. 157. Eldridge further argued that the Board had no

2

authority to change the sentence imposed by a court. *Id*. In addition, Eldridge asserted that the Board erred by not crediting his sentence for the time while he was incarcerated or residing in a parole violator center. C.R. 161.

On May 27, 2015, the Board issued a final determination denying Eldridge's requests for administrative relief. C.R. 168-69. The determination explained that the Board recalculated Eldridge's maximum sentence based on his recommitment as a convicted parole violator; the Board had statutory authority to forfeit all of the time Eldridge was at liberty on parole; and the recalculation did not violate any of Eldridge's constitutional rights. Accordingly, the Board affirmed its earlier decision of September 29, 2014. Eldridge petitioned for this Court's review.[2]

On appeal, Eldridge argues that the Board, by recalculating and extending his maximum sentence, violated his right to due process. Eldridge asserts that the Board, a "civil servant," has no authority to extend a "judicially imposed maximum sentence." Petition for Review at 5. According to Eldridge, state statutes require imposition of definite maximum terms, but the Board "continues to treat [m]aximum sentences as indefinite upon violation of parole by the offender." *Id*. at 4. He also asserts that during the plea bargain for his new charges, the prosecutor and his counsel failed to inform him that the Board, upon his entry of a guilty plea, could extend his maximum sentence on the original offense. Eldridge claims, therefore, that his counsel's assistance was ineffective, and the guilty plea he entered was unlawfully induced. Eldridge further asserts

---

[2] Our scope of review is to determine whether the Board erred as a matter of law or violated the parolee's constitutional rights or whether the Board's decision is supported by substantial evidence. *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n. 3 (Pa. Cmwlth. 2009).

3

that the trial court knew that he was not properly informed during the plea bargain but nonetheless "accepted his plea and sentenced him therefrom." *Id.* at 5. Counsel has filed an application for leave to withdraw and a no-merit letter concluding that there is no factual or legal basis for Eldridge's appeal. We first consider Counsel's application.

The technical requirements for appointed counsel seeking to withdraw his representation are set forth in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). As summarized by this Court,

> counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). If this Court determines that counsel's no-merit letter complies with the requirements of *Turner*, we then consider the merits of the parolee's appeal. *Id*. at 960. If counsel fails to comply with the requirements of *Turner*, we may not consider the merits of the appeal. *Id*.

In the matter *sub judice*, Counsel's no-merit letter does not satisfy the technical requirements of *Turner* because it does not address all of the issues raised in Eldridge's petition for review. Counsel's letter contends that the Board has statutory authority to forfeit Eldridge's time when he was at liberty on parole. The letter, however, fails to address Eldridge's allegations of constitutional violations, ineffective assistance of counsel, and invalidity of the guilty plea that he entered. The letter also fails to address the Board's authority to recalculate and extend the maximum sentence that was imposed by a court.

4

As we stated in *Zerby*, "[a]lthough [the parolee's] issue may prove not to be meritorious, it is still incumbent upon Counsel to include it in the No-Merit [l]etter and explain why it is meritless." *Zerby*, 964 A.2d at 962. Because Counsel's no-merit letter fails to address all of the issues raised by Eldridge, we must deny Counsel's withdrawal application, without prejudice, and grant Counsel leave to file either a renewed withdrawal application and amended no-merit letter or a brief on the merits of Eldridge's petition for review.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone Eldridge, : 
           Petitioner : 
  : 
       v. :   No. 2554 C.D. 2015
  : 
Pennsylvania Board of Probation : 
and Parole, : 
           Respondent : 

## **O R D E R**

AND NOW, this 12th day of September, 2016, it is hereby ORDERED that the Application to Withdraw Representation filed by James L. Best, Esquire in the above-captioned matter is DENIED without prejudice. Mr. Best is GRANTED leave to file a renewed Application to Withdraw Representation and amended no-merit letter, or a brief on the merits of Petitioner Tyrone Eldridge's Petition for Review, within 30 days of the date of this order.

_____
MARY HANNAH LEAVITT, President Judge