IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne T. Wright,               :
    Petitioner      :
                   :
  v.                   : No. 1906 C.D. 2015
                   : Submitted: July 1, 2016
Pennsylvania Board of Probation  :
and Parole,                      :
    Respondent      :

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT    FILED: September 12, 2016

    Dwayne Wright, an inmate at SCI-Coal Township, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal. Wright asserts that the Board erred in calculating his maximum sentence after recommitting him for violating his parole. Wright's appointed counsel, James L. Best, Esquire (Counsel), has petitioned for leave to withdraw his representation. We deny Counsel's application to withdraw.

    On May 7, 2009, Wright was sentenced to a minimum sentence of three years to a maximum of six years on firearm-related offenses. At the time the sentence was imposed, Wright's maximum sentence date was November 7, 2012. On June 16, 2011, Wright was released on parole from SCI-Mahanoy to the Wernersville Community Corrections Center (Wernersville). Certified Record at 23 (C.R. __). He was at Wernersville from June 16, 2011, to July 30, 2011, when he was discharged to an approved home plan in Lancaster. C.R. 23, 51, 88.

On August 15, 2012, Wright was arrested for drug-related offenses in Lancaster County. C.R. 31. On August 16, 2012, the Board issued a warrant to commit and detain Wright. C.R. 25. Wright posted bail on the new criminal charges, but remained incarcerated on the Board's warrant until November 7, 2012, the maximum sentence date on his firearm offense. C.R. 44, 60. On August 27, 2014, Wright pled guilty to Possession With Intent to Deliver Cocaine and was sentenced to one to three years in prison. C.R. 32-34. Thereafter, the Board issued a decision on December 11, 2014, recommitting Wright as a convicted parole violator to serve his unexpired term of one year, four months, and 22 days. C.R. 63-64. The Board recalculated Wright's maximum sentence date to be December 16, 2015. *Id.*

Wright filed an "Administrative Remedies Form" with the Board on January 26, 2015, that presented (1) an administrative appeal challenging his recommitment as unconstitutional and (2) a petition for administrative review asserting that the Board failed to award him credit for time spent at Wernersville, Lancaster County Prison, and SCI-Camp Hill. C.R. 65. The Board subsequently scheduled an evidentiary hearing to determine whether Wright was entitled to credit for the period he was at Wernersville. C.R. 67. Following the hearing, the Board rendered a decision, which was mailed on June 2, 2015, concluding that Wright failed to prove that the restrictions on his liberty at Wernersville were the equivalent of incarceration. The Board found that residents could leave the facility on their own free will, without being physically restrained by the staff. Further, the facility did not have bars on the window or a perimeter fence. Based on these findings, the Board denied Wright credit for his time spent at Wernersville. C.R. 88-90.

On June 29, 2015, Wright filed another "Administrative Remedies Form" with the Board challenging his recommitment sentence. Wright argued that the Board erred by not crediting his sentence for the time he spent at Wernersville and while he was in "good standing" prior to his new charges. C.R. 91. Thereafter, on August 27, 2015, the Secretary of the Board issued a final determination on Wright's requests for administrative relief. C.R. 100-101. The Secretary explained that the Board recalculated Wright's maximum sentence based on his recommitment as a convicted parole violator; the Board had statutory authority to forfeit all of the time Wright was at liberty on parole; and the recalculation did not violate any of Wright's constitutional rights. The Secretary also affirmed the Board's finding that Wright was not entitled to credit for his time spent at Wernersville and upheld the Board's recalculation of Wright's maximum sentence date. Accordingly, the Secretary found no ground to grant administrative relief and affirmed the Board's decision mailed on June 2, 2015. Wright now petitions this Court for review.[1]

On appeal, Wright raises five issues. First, he argues that the Board unlawfully forfeited the time he was at liberty on parole, which, Wright asserts, should be credited to his original maximum sentence. Petition for Review ¶8; Petitioner's Brief at 3. Second, Wright argues that the Board lacks statutory authority to "change the maximum date of a sentence that was imposed by a court of law." Petition for Review ¶10. Third, Wright argues that the Board, by forfeiting the period of time he was at liberty on parole and extending his term of

---

[1] Our scope of review determines whether the Board erred as a matter of law or violated the parolee's constitutional rights or whether the Board's decision is supported by substantial evidence. *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n. 3 (Pa. Cmwlth. 2009).

sentence, violated Article I, Section 10 of the Pennsylvania Constitution, the Fifth and Fourteenth Amendments to the U.S. Constitution, and the doctrine of separation of powers. *See* Petitioner's Brief at 3-4. Fourth, Wright argues that the Board did not have authority to detain him after he had begun serving his new sentence or to impose backtime on his original sentence, which, Wright alleges, he had served as of November 7, 2012. Fifth, Wright argues that the Board erred in determining that he was not entitled to credit for the period of time he resided at Wernersville. According to Wright, he was subject to "sufficient restraints" at Wernersville to constitute "custody," thereby entitling him to credit for the time he spent there. *Id*. at 5-6. Counsel has filed an application for leave to withdraw and a no-merit letter concluding that there is no factual or legal basis for Wright's appeal. We first consider Counsel's application.

The technical requirements for appointed counsel seeking to withdraw his representation are set forth in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). As summarized by this Court,

> counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). If this Court determines that counsel's no-merit letter complies with the requirements of *Turner*, we then consider the merits of the parolee's appeal. *Id*. at 960. If counsel fails to comply with the requirements of *Turner*, we may not consider the merits of the appeal. *Id*.

In the matter *sub judice*, Counsel's no-merit letter does not satisfy the technical requirements of *Turner* because it does not address each of the issues

4

raised in Wright's petition for review. Counsel's letter contends that the Board has statutory authority not to credit any of Wright's time while he was at liberty on parole towards his sentence on the firearms offense. The letter does not address the other issues raised by Wright, including the alleged constitutional violations, the Board's authority to detain Wright and impose backtime on his original sentence, and whether Wright is entitled to credit for the time he spent at Wernersville.

As we stated in *Zerby*, "[a]lthough [the parolee's] issue may prove not to be meritorious, it is still incumbent upon Counsel to include it in the No-Merit [l]etter and explain why it is meritless." *Zerby*, 964 A.2d at 962. Because Counsel's no-merit letter fails to address all of the issues raised by Wright, we must deny Counsel's withdrawal application, without prejudice, and grant Counsel leave to file either a renewed withdrawal application and amended no-merit letter or a brief on the merits of Wright's petition for review.

_____
MARY HANNAH LEAVITT, President Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne T. Wright,              :
           Petitioner       :
                        :
         v.              :   No. 1906 C.D. 2015
                        :
Pennsylvania Board of Probation  :
and Parole,              :
           Respondent   :

## **O R D E R**

AND NOW, this 12th day of September, 2016, it is hereby ORDERED that the Application to Withdraw Representation filed by James L. Best, Esquire in the above-captioned matter is DENIED without prejudice. Mr. Best is GRANTED leave to file a renewed Application to Withdraw Representation and amended no-merit letter, or a brief on the merits of Petitioner Dwayne Wright's Petition for Review, within 30 days of the date of this order.

_____
MARY HANNAH LEAVITT, President Judge