IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdul Boyd,                              :
                    Petitioner            :
                                          :
          v.                              : No. 1791 C.D. 2017
                                          : Submitted: June 15, 2018
Pennsylvania Board of Probation           :
and Parole,                               :
                    Respondent            :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                          FILED: July 17, 2018


          James L. Best, Esquire (Counsel) has filed this Motion for Leave to Withdraw as Counsel for Abdul Boyd (Boyd) in his petition for review of the Pennsylvania Board of Probation and Parole's (Board) decision involving Boyd's recommitment as a convicted parole violator (CPV) and the recalculation of his parole violation maximum date. Counsel requests permission to withdraw from further representation because he has determined that the appeal is frivolous. For the following reasons, we deny Counsel's motion for leave to withdraw.

## I.

Boyd was paroled by the Board on March 13, 2014, from a sentence with a maximum release date of April 13, 2018. On October 22, 2014, Boyd was arrested on new federal drug-related charges, and the same day the Board issued a detainer warrant. Boyd waived his right to counsel and waived a detention hearing before the Board. On October 23, 2014, Boyd remained in federal custody for failure to make bail.

On October 15, 2015, Boyd entered a guilty plea to the charge of conspiracy to commit possession with intent to distribute in the United States District Court for the Western District of Pennsylvania and was sentenced to serve 37 months in federal custody. On June 30, 2017, he was released by the federal prison authorities to the Board's detainer warrant and was given a timely revocation proceeding.

On July 5, 2017, the Board recommitted Boyd to a state correctional institution as a CPV to serve 24 months' backtime and forfeited Boyd's 1,134 days of street time. In accordance, his maximum release date was recalculated to August 7, 2020. Boyd, acting *pro se*, filed an administrative appeal from the Board's decision, arguing that pursuant to 61 Pa.C.S. § 6138(a)(5.1),[1] state parole

---

[1] 61 Pa.C.S. § 6138(a)(5.1) provides:

> If the parolee is sentenced to serve a new term of total confinement by a Federal court or by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term.

backtime following a recommitment as a CPV must be served prior to the new federal sentence underlying that commitment, thereby entitling him to 34 months' credit on his original state sentence for the period served pursuant to the Board's detainer and federal charges.

The Board denied Boyd's administrative appeal, determining there was no error in requiring Boyd to serve the new federal sentence before the original state sentence, because the sentencing order is conditional upon federal authorities returning a prisoner to state custody, which they did not do in this case. The Board also found that there was no error in determining that Boyd had 1,492 days remaining on his sentence at the time of parole, as he was not entitled to credit for his 1,134 days spent at liberty on parole since he forfeited that time as a CPV. However, the Board did find that Boyd was entitled to credit for the 358 days he served on the Board's detainer between October 22, 2014, to October 15, 2015, before he was sentenced on the new federal charges.

Boyd, acting *pro se*, then filed a petition for review in this Court raising the same substantive issues that he raised in his administrative appeal to the Board, and we assigned Counsel to represent Boyd in his appeal. Counsel now seeks to withdraw representation, contending that after reviewing the matter, the appeal is frivolous and there is no basis in law or fact for it. Along with his motion, Counsel filed a no-merit letter.

## II.

Before we can reach the merits of Boyd's petition for review,[2] we must first inquire whether Counsel complied with the technical requirements governing the withdrawal of counsel appointed to represent a petitioner seeking review of Board determinations. These requirements differ depending on whether a petitioner's right to counsel is constitutional in nature. Appeals that allege that the Board erred by improperly calculating a petitioner's maximum release date do not implicate a constitutional right to counsel. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). If that is the case, counsel seeking to withdraw only needs to file a "no-merit" letter detailing the nature and extent of counsel's review and listing each issue the petitioner wished to raise, with counsel's explanation of why he or she believes these issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). In addition, counsel must provide to the petitioner (1) a copy of the no-merit letter, (2) a copy of the petition to withdraw, and (3) a statement advising the petitioner of his or her right to proceed *pro se* or via new counsel. *Id.* at 960. If all these requirements have been met, we will then evaluate the proceedings before the Board to determine whether the petitioner's appeal is truly without merit before we will allow counsel to withdraw. *Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003). If counsel does not fulfill the aforementioned technical requirements, we have no choice but to deny the motion for leave to withdraw. *Zerby*, 964 A.2d at 960.

---

[2] Our scope of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Moroz v. Pennsylvania Board of Probation and Parole*, 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

4

Counsel states in his motion that he sent Boyd a copy of the no-merit letter and, by certificate of service, certified that he served a copy of the motion for leave to withdraw on Boyd. However, Counsel failed to comply with the final requirement that he notify the petitioner of his right to proceed *pro se* or with new counsel. Because Counsel failed to provide this statement, we deny Counsel's motion for leave to withdraw and instruct Counsel to refile his motion after having complied with all appropriate requirements.

_____

DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Abdul Boyd,                                   :
                    Petitioner               :
                                             :
          v.                                 : No. 1791 C.D. 2017
                                             :
Pennsylvania Board of Probation              :
and Parole,                                  :
                    Respondent               :

# **O R D E R**


          AND NOW, this 17th day of July, 2018, James L. Best, Esquire's
(Counsel) motion for leave to withdraw is denied without prejudice.  Counsel is
granted thirty (30) days from the date of this Order to file a renewed motion for
leave to withdraw consistent with this opinion.


                                    _____
                                    DAN PELLEGRINI, Senior Judge