# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sheldon I. Sealey,              :

              Petitioner      :

                              :

           v.               :    No. 1639 C.D. 2017

                              :    Submitted:  June 15, 2018

Pennsylvania Board of Probation    :

and Parole,                 :

              Respondent   :


**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** Judge

                **HONORABLE ANNE E. COVEY,** Judge

                **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**

**JUDGE COHN JUBELIRER**                  **FILED:  August 23, 2018**


Sheldon I. Sealey petitions for review of the Decision of the Pennsylvania Board of Probation and Parole (Board), mailed October 3, 2017, which denied his administrative appeal from the revocation of his parole based on an April 30, 2012 conviction in New York.  Brendan R. Ellis, Esquire (Counsel), who was appointed by the Wayne County Public Defender to represent Sealey, petitions this Court for leave to withdraw as counsel on the grounds that Sealey's Petition for Review lacks merit (Petition to Withdraw).  After review, we grant Counsel's Petition to Withdraw and affirm the Board's Decision.

On June 16, 2008, while Sealey was serving a sentence of 4 to 10 years' incarceration on convictions for possession with intent to deliver a controlled

substance (two counts), under Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act, the Act of April 14, 1972, P.L. 233, as *amended*, 35 P.S. § 780-113(a)(30), and escape, under Section 5121(a) of the Crimes Code, 18 Pa. C.S. § 5121(a), the Board released Sealey on parole. At the time of Sealey's parole, 1802 days remained on his sentence. Because Sealey's convictions in Pennsylvania constituted violations of his existing parole in New York and New York had lodged a detainer against him, he was paroled to New York. On June 18, 2009, New York paroled Sealey. The Board, upon learning of Sealey's release, transferred its parole supervision of Sealey to New York.

On April 7, 2011, the New York City Police Department arrested Sealey, and he was charged with first-degree criminal sexual act and first-degree sexual abuse. Critically, Sealey was detained in jail at Riker's Island on $100,000/$100,000 bond/bail, which he did not satisfy. (Certified Record at 25, 27, 45.) Once the Board learned of Sealey's arrest, the Board, on June 14, 2011, lodged a detainer against Sealey for his arrest. On April 30, 2012, Sealey pleaded guilty in Kings County Supreme Court to attempted first-degree criminal sexual act, and, on May 31, 2012, was sentenced to 5 years' imprisonment with 10 years of post-release supervision. On August 15, 2012, New York informed the Board of Sealey's New York conviction.

On April 4, 2016, New York paroled Sealey to the Board on its detainer. On June 27, 2016, a hearing on the revocation of Sealey's parole was held during which he admitted he had been convicted in New York of attempted first-degree criminal sexual act. By Decision mailed July 29, 2016, the Board revoked Sealey's parole

and directed him to complete his backtime of 1450 days,[1] resulting in a new maximum release date of March 24, 2020.

Sealey filed an administrative appeal from the Board's Decision revoking his parole. The Board, in a Decision mailed on October 3, 2017, rejected Sealey's claim that he should have served the time remaining on his Pennsylvania convictions before the sentence on his New York conviction, concluding that Sealey did not become available to serve the remainder of his Pennsylvania sentence until April 4, 2016, when New York paroled Sealey to the Board on its detainer. Thus, the Board affirmed its Decision revoking Sealey's parole.

Sealey then filed his Petition for Review with this Court, arguing that the Board did not comply with Section 6138(a)(5.1) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(5.1), because he served his New York sentence first when he should have served the balance on his Pennsylvania sentence first. Therefore, Sealey claims, his revocation hearing was untimely.

On November 16, 2017, this Court appointed the Public Defender of Wayne County to represent Sealey. Following Counsel's appointment, he filed the Petition to Withdraw on the ground that the Petition for Review lacks merit. In support of Counsel's Petition to Withdraw, he has attached a letter dated April 3, 2018 (*Turner*[2] letter), sent to Sealey and the Board, along with the Petition to Withdraw, detailing his review of the certified record, correspondence from Sealey, and relevant case law. Counsel noted in the *Turner* letter that the only issue Sealey is raising on appeal is whether his revocation hearing was timely. Counsel summarized the facts of Sealey's case and, after analyzing the relevant case law, concluded that Sealey's revocation hearing was timely because once Sealey was arrested in New York and

---

[1] Sealey received a credit of 352 days.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

remained in New York's custody, he was not available to the Board until April 2016, when New York released him from his New York sentence. Having concluded that Sealey's Petition for Review lacked merit, Counsel informed Sealey that he had the right to hire another attorney or file a brief on his own behalf. Counsel also served an April 12, 2018 order of this Court informing Sealey that he could obtain substitute counsel at his own expense or file a brief on his own behalf, neither of which he has done.

Before appointed counsel may withdraw from representation in a case in which the right to counsel does not derive from the United States Constitution, such as here, the *Turner* or no-merit letter must contain: (1) the nature and extent of counsel's review; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis in concluding that the petitioner's appeal is without merit. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In addition, counsel must send the petitioner a copy of the *Turner* letter, "a copy of counsel's petition to withdraw," and a statement advising the petitioner of his right to proceed by new counsel or pro se. *Zerby v. Shanon*, 964 A.2d 956, 960 *(*Pa. Cmwlth. 2009). Once counsel satisfies the procedural requirements of *Turner*, this Court will "conduct its own review of the merits of the case." *Id.* (citation omitted).

Here, Counsel has complied with the procedural requirements of *Turner*. As we have set forth, Counsel has explained the nature and extent of his review of the record, addressed the issue Sealey wishes to raise, and provided a thorough analysis of that issue and his reasons for concluding that this issue lacks merit. Counsel served copies of both his Petition to Withdraw and his *Turner* letter on Sealey and the Board. In Counsel's *Turner* letter and again pursuant to our April 12, 2018 order,

4

Counsel informed Sealey that he could retain substitute counsel or file a brief on his own behalf. Thus, Counsel has satisfied the procedural requirements of *Turner*.

We must now conduct our own review to determine whether, as Counsel has concluded, Sealey's Petition for Review is, in fact, without merit.[3] *Hughes*, 977 A.2d at 25. Again, Sealey claims that his revocation hearing was untimely because it was not held for approximately 49 months after he was convicted in New York of attempted first-degree criminal sexual act, owing to his serving his New York sentence first. (Petition for Review, Conclusion.)

Under Section 71.4(1) of the Board's regulations, "[a] revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty . . . at the highest trial court level . . . ." 37 Pa. Code § 71.4(1). Further, under Section 6138(a)(5.1) of the Prisons and Parole Code, "[i]f the parolee is sentenced to serve a new term of total confinement . . . by a court of another jurisdiction because of a verdict or plea under paragraph (1), the parolee shall serve the balance of the original term before serving the new term." 61 Pa. C.S. § 6138(a)(5.1). However, the requirement that a hearing be held within 120 days of official verification of the guilty plea is subject to the exception that "[i]f a parolee is confined outside the jurisdiction of the Department of Corrections, such as confinement out-of-State, . . . the revocation hearing shall be held within 120 days of the official verification of the return of the parolee to a State correctional facility." 37 Pa. Code § 71.4(1)(i). If a parolee is in the custody of another state, "the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth." 37 Pa. Code

---

[3] We review the action of the Board for "whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

§ 71.5(a). When determining the timeliness of a revocation hearing, a delay owing to "[t]he unavailability of a parolee" "shall be excluded." 37 Pa. Code § 71.5(c)(1). In short, when a parolee is in the custody of another state, confined in another state's facility, or is otherwise unavailable, "the Board's duty to hold a revocation hearing, or take other action beyond issuing a detainer, is deferred until the parolee is returned to a [State Correctional Institution] regardless of when the Board received official verification of a parolee's new conviction." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1025 (Pa. Cmwlth. 2017).

Here, as Counsel concluded, Sealey was not available to the Board at the time he pleaded guilty and was sentenced in New York, as well as when the Board received official notification of his New York conviction. Following Sealey's arrest, he was detained in jail at Riker's Island and was unable to make bail throughout the criminal proceedings in New York. Thus, because Sealey was detained in a New York jail, the Board lacked the ability to obtain Sealey from the custody of New York in order to hold a revocation hearing. *Id.* at 1027. This is unlike *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016), upon which Sealey relies. There, the Board was aware of the parolee's conviction on a federal charge of conspiracy by virtue of the presence of the Board's agent at the parolee's sentencing hearing in federal court. *Id.* at 612, 619-20. Further, the parolee was available to the Board at the time of his conviction and sentencing in federal court because he was free on bond. *Id.* at 615-16. In this case, though, because Sealey was detained in jail at Riker's Island following his arrest, was unable to post bail, and remained in the custody of New York throughout the criminal proceedings and the service of his New York sentence, Sealey was not available to the Board until April 4, 2016, when New York paroled him from his New York

6

sentence. The hearing on the revocation of Sealey's parole, held on June 27, 2016, a mere 84 days after Sealey became available to the Board, was, thus, timely. *Brown*, 184 A.3d at 1028.

Therefore, since there is no merit to Sealey's claim that his revocation hearing was untimely, and Counsel has otherwise satisfied the procedural requirements of *Turner*, we grant Counsel's Petition to Withdraw and affirm the Board's Decision.

_____

**RENÉE COHN JUBELIRER,** Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sheldon I. Sealey,                     :
                    Petitioner        :
                                       :
            v.                         :    No. 1639 C.D. 2017
                                       :
Pennsylvania Board of Probation        :
and Parole,                            :
                    Respondent        :

# **O R D E R**

NOW, August 23, 2018, the Petition for Leave to Withdraw as Counsel filed by Brendan R. Ellis, Esquire, is **GRANTED**. The Decision of the Pennsylvania Board of Probation and Parole, mailed October 3, 2017, is **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge