Shawn Staton,                    :
            Petitioner       :
                        :
        v.                 :
                        :
Pennsylvania Board of     :
Probation and Parole,     :  No. 1765 C.D. 2015
           Respondent    :  Submitted: September 2, 2016

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE          FILED: January 4, 2017

Before this Court is the petition of Shawn Staton for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief and affirming the Board's recalculation decision. Also before this Court is the request of James L. Best, Esq. (Counsel) for leave to withdraw as attorney for Mr. Staton. For the following reasons, we deny Counsel's request to withdraw without prejudice and do not review the merits of Mr. Staton's appeal.

On December 8, 2015, Counsel submitted a petition for leave to withdraw as appointed counsel for Mr. Staton along with a no-merit letter. In instances where there is no constitutional right to counsel,

> counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-

merit" letter which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)).  Where there is a constitutional right to counsel, counsel seeking to withdraw from representation of a parolee in an appeal of a Board determination should file an *Anders*[1] brief.  This Court has held that, in appeals from determinations revoking parole, a constitutional right to counsel arises where a parolee raises a "colorable claim":

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes v. Pennsylvania Bd. of Prob. & Parole*, 977 A.2d 19, 25–26 (Pa. Cmwlth. 2009) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)).

Instantly, Mr. Staton admits that he violated his parole, and the record contains no suggestion that there are substantial reasons that justified or mitigated his parole violation and that make revocation inappropriate.  Further, the issues Mr. Staton raises are not complex or difficult to develop.  Thus, Mr. Staton does not have a constitutional right to counsel, and Counsel appropriately filed a no-merit letter seeking to withdraw as Mr. Staton's representation.

However, counsel seeking to withdraw must also satisfy certain procedural and substantive requirements.  Procedurally, counsel must (1) notify the

---

[1] *See Anders v. State of California*, 386 U.S. 738 (1967).

2

court and the parolee of his belief that the appeal is meritless and of his intent to withdraw; (2) provide a no-merit letter to the court and the parolee which includes any matter in the record that could arguably support the parolee's appeal; and (3) advise the parolee of "his right to retain new counsel" or proceed *pro se*. *See Hughes*, 977 A.2d at 22 (citing *Commonwealth v. McClendon*, 434 A.2d 1185, 1186–87 (Pa. 1981)). Substantively, counsel's no-merit letter must detail "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *Zerby*, 964 A.2d at 961. If these requirements are satisfied, we must conduct our own review of whether the issues are meritless. *Id.*

While Counsel notified Mr. Staton of his request to withdraw, furnished Mr. Staton with a copy of the no-merit letter, and advised Mr. Staton of his right to retain new counsel or proceed *pro se*, Counsel's no-merit letter lacks the requisite substantive content.

In his *pro se* petition for administrative review, Mr. Staton raised three issues for which he sought review by this Court: (1) that the Board does not have authority to alter his judicially-imposed sentence beyond his original maximum term; (2) that the Board "unilaterally breached" Mr. Staton's "contract" with the Court of Common Pleas of Bucks County, as his initial sentence was entered into pursuant to a plea agreement; and (3) that his sentence was increased in violation of the Cruel and Unusual Punishment and Double Jeopardy Clauses of the United States and Pennsylvania Constitutions. (Certified Record at 70.) Counsel, however, identifies the issue on appeal as challenging the Board's recalculation of Mr. Staton's maximum date without adding credit for street time, or challenging the forfeiture of Mr. Staton's street time. Motion to Withdraw at 7-

3

8. As such, Counsel has failed to address all arguments Mr. Staton wished to have raised.

Accordingly, we deny Counsel's petition to withdraw without prejudice. Counsel has thirty days to either file an amended petition for leave to withdraw, along with a no-merit letter adequately addressing each of the issues raised in Mr. Staton's petition for review, or to submit a brief on the merits.

_____
JOSEPH M. COSGROVE, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shawn Staton,                                     :
               Petitioner               :
                              :
          v.                               :
                              :
Pennsylvania Board of                    :
Probation and Parole,                    :    No. 1765 C.D. 2015
               Respondent               :

## O R D E R

AND NOW, this 4th day of January, 2017, the Motion for Leave to Withdraw as Counsel, filed by James L. Best, Esquire, is DENIED without prejudice. Counsel is granted thirty days from the date of this order to either file a renewed petition for leave to withdraw as counsel, along with a no-merit letter addressing each of the issues raised in Shawn Staton's Petition for Review, or to submit a brief on the merits.

_____
JOSEPH M. COSGROVE, Judge