# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sherman Nelson,                            :
                     Petitioner            :
                                           :
          v.                               :  No. 807 C.D. 2016
                                           :  Submitted: November 4, 2016
Pennsylvania Board of Probation            :
and Parole,                                :
                     Respondent            :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE JULIA K. HEARTHWAY, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                    **FILED: January 13, 2017**

Sherman Nelson (Nelson) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal of a Board recommitment and recalculation order. Also before us is a petition to withdraw as counsel filed by Nelson's court-appointed attorney, Kent D. Watkins, Esquire (Attorney Watkins), on the ground that Nelson's appeal is without merit. After review, we deny Attorney Watkins' petition to withdraw as counsel, without prejudice.

Nelson initially received a sentence of four to eight years in prison based on his convictions for robbery and criminal conspiracy. His original minimum sentence date was September 1, 2011, and his original maximum sentence date was September 1, 2015.

In July 2014, the Board paroled Nelson to a community corrections center. About five months later, the Board issued a warrant to commit and detain Nelson after his arrest for retail theft.

Nelson was also arrested on a technical parole violation charge (failing to report or leaving district without permission). He subsequently signed a waiver of violation hearing and counsel/admission form in which he admitted to the technical parole violation. As a result of his admission, the Board recommitted Nelson as a technical parole violator to serve six months' backtime. It also issued a detainer pending disposition of the new criminal charge.

Based on Nelson's arrest for retail theft, bail was set at $15,000. Nelson did not post bail. Thereafter, in August 2015, Nelson pled guilty to retail theft and received a sentence of 3 to 23 months' incarceration and three years' probation. Nelson's sentencing order indicated he was paroled immediately as of March 14, 2015.

In light of Nelson's conviction, the Board charged him as a convicted parole violator. Thereafter, he signed a waiver of revocation hearing and counsel/admission form and admitted to the retail theft conviction. Ultimately, the Board recommitted Nelson as a convicted parole violator to serve 12 months' backtime concurrently to the previously imposed six-month term for his technical violation. The Board's order also recalculated Nelson's maximum sentence date as October 6, 2016.

Nelson filed an administrative appeal in which he asserted the Board erred in: (1) failing to afford him credit for the period in which he resided in the community corrections center; (2) failing to recognize he was available to begin serving his backtime as of March 14, 2015, the date he was granted parole on his new criminal sentence; (3) imposing backtime that exceeded the time remaining on his maximum sentence; and, (4) improperly extending his maximum sentence date. The Board scheduled a hearing on Nelson's claim for credit for the time he spent in the community corrections center. Prior to the hearing, however, Nelson executed a written waiver of this claim for credit. Thereafter, the Board denied Nelson's administrative appeal.

Attorney Watkins filed a petition for review to this Court on Nelson's behalf, asserting the Board did not provide Nelson with credit for all time served exclusively on its warrant. This matter is now before us for disposition.

Counsel seeking to withdraw must conduct a zealous review of the case and submit a "no-merit" letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc); Zerby v. Shanon, 964 A.2d 956 (Pa. Cmwlth. 2009).[1]

---

[1] In Hughes v. Pennsylvania Board of Probation & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc), we held, where there is a constitutional right to counsel, counsel seeking to withdraw from representation of a parolee in an appeal of a Board determination should file a brief as required by Anders v. State of California, 386 U.S. 738 (1967). Relying on Gagnon v.
**(Footnote continued on next page…)**

3

In order to withdraw, counsel must satisfy certain procedural requirements, which include: notifying the parolee of his request to withdraw; furnishing the parolee with a <u>Turner</u> letter; and, informing the parolee of his right to retain new counsel or submit a brief on his own behalf. <u>See</u> <u>Zerby</u>.

Substantively, counsel's <u>Turner</u> letter must contain: the nature and extent of counsel's review; the issues the parolee wishes to raise; and, counsel's analysis in concluding the parolee's appeal is meritless. <u>Zerby</u>. If these

---

**(continued…)**

<u>Scarpelli</u>, 411 U.S. 778 (1973), we held that a constitutional right to counsel arises where a parolee raises a "colorable claim":

> (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

<u>Hughes</u>, 977 A.2d at 24 (quoting <u>Gagnon</u>, 411 U.S. at 790). We further stated such claims would only arise in appeals from determinations revoking parole. <u>Id.</u> Thus, we held "[i]n an appeal from a revocation decision, this Court will apply the test from <u>Gagnon</u>, quoted above, and, unless that test is met, we will only <u>require</u> a no-merit letter." <u>Id.</u> at 26 (emphasis in original, footnote omitted).

Here, the record contains no suggestion by Nelson that he did not commit the crime for which he received the new criminal conviction or that he did not commit the technical parole violation. Further, Nelson does not set forth substantial reasons that justified or mitigated his new criminal conviction or technical parole violation and that make revocation inappropriate. Indeed, he "knowingly, intelligently, and voluntarily" admitted he committed the crime at issue as well as the technical parole violation, and he waived his right to a parole revocation hearing. Certified Record at 31, 73. Moreover, the issues Nelson raises are not complex or difficult to develop. Thus, Nelson does not have a constitutional right to counsel under the <u>Gagnon</u> test; rather, he has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, <u>as</u> <u>amended</u>, 16 P.S. §9960.6(a)(10). As such, Attorney Watkins properly filed a no-merit letter in seeking to withdraw his representation of Nelson.

4

requirements are satisfied, we must conduct our own review of whether the issues are meritless.  Id.

Here, Attorney Watkins' no-merit letter satisfies the applicable technical requirements.  Attorney Watkins notified Nelson of his request to withdraw and advised him of his right to retain new counsel or file an appeal on his own behalf.[2]  Further, Attorney Watkins sent Nelson copies of the petition to withdraw and the no-merit letter.

However, Attorney Watkins' no-merit letter does not adequately address the issues Nelson preserved below.  More particularly, Nelson asserted the Board erred in: (1) failing to recognize he became available to begin serving his backtime on March 14, 2015, the date he was granted parole on his new criminal sentence, see Certified Record (C.R.) at 67; (2) imposing backtime that exceeded the time remaining on his maximum sentence; and, (3) improperly extending his maximum sentence date.  See C.R. at 89-90.  Attorney Watkins does not provide a clear, direct explanation as to why and how these issues lack merit.[3]  On this basis, we must deny Attorney Watkins' request for leave to withdraw as counsel.  The Court will not undertake an independent examination of the merits of Nelson's

---

[2] Nelson did not retain new counsel or file a brief.

[3] Attorney Watkins acknowledges Nelson preserved the issue of whether the Board erred in failing to recognize he became available to begin serving his backtime on March 14, 2015, the date he was granted parole on his new criminal sentence.  However, he offers no analysis that clearly and directly responds to this issue.  Additionally, Attorney Watkins offers no response to the remaining two issues Nelson raised and preserved below, which are set forth above.

appeal until it is satisfied counsel has fully discharged his obligations under Turner.[4]

 

 

 

 

_____

ROBERT SIMPSON, Judge

---

[4] Because it appears Nelson completed service of his maximum sentence on October 6, 2016, his appeal may be moot. However, no party asserts that this matter is, in fact, moot. Thus, we decline to dismiss the appeal as moot at this time.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Sherman Nelson,  :
         Petitioner  :
           :
         v.  :  No. 807 C.D. 2016
           :
Pennsylvania Board of Probation  :
and Parole,  :
         Respondent  :

## **O R D E R**

**AND NOW**, this 13th day of January, 2017, Kent D. Watkins' petition to withdraw as counsel is **DENIED**, without prejudice. Counsel is **DIRECTED** to refile his petition to withdraw or file a brief in support of Sherman Nelson's petition for review within 30 days of this order.

_____
ROBERT SIMPSON, Judge