IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Carlos R. Garcia, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1119 C.D. 2018 |
| | : | Submitted: March 8, 2019 |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | |
| Respondent | : | |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                                        FILED: June 19, 2019

Carlos R. Garcia, an inmate at the State Correctional Institution (SCI) at Mahanoy, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal. Garcia asserts that the Board erred by failing to credit his recommitment sentence for time served exclusively on the Board's warrant. Garcia's appointed counsel, Kent D. Watkins, Esquire (Counsel), petitions for leave to withdraw his representation. For the following reasons, we grant Counsel's petition and affirm the Board's order.

On April 23, 2013, Garcia was sentenced to serve one year and six months to four years in a SCI for drug-related offenses. On June 8, 2014, Garcia was released on parole from SCI-Laurel Highlands. According to the Conditions Governing Parole/Reparole that he signed, Garcia agreed to "abstain from the unlawful possession or sale of narcotics and dangerous drugs and abstain from the use of controlled substances." Condition No. 5(a), Certified Record at 8 (C.R.__). Pursuant to Special Condition No. 7, Garcia was prohibited from possessing drug

paraphernalia. Garcia acknowledged that if he was arrested while on parole, the Board was authorized "to lodge a detainer [] which will prevent [his] release from custody, pending disposition of those charges" even if he posted bail or had been released on his own recognizance. Condition No. 7, C.R. 8. Garcia also acknowledged that he could be recommitted for violating a condition of his parole. Finally, Garcia acknowledged that if he were convicted of a crime committed while on parole, the Board was authorized, after an appropriate hearing, to recommit him to serve the balance of his sentence with no credit for time spent at liberty on parole.

On November 19, 2014, Garcia was charged with possession with intent to deliver. On November 20, 2014, the Board declared Garcia delinquent for his failure to report for a meeting with his parole officer. On February 16, 2016, Garcia was charged with possession of a controlled substance and possession of drug paraphernalia. The Board lodged a warrant to commit and detain Garcia that same day. On March 21, 2016, the Board recommitted Garcia pending disposition of the criminal charges and as a technical parole violator for his failure to report. On May 4, 2016, Garcia was sentenced to six months of probation for the drug charges. On October 3, 2016, Garcia was sentenced to four to six years in a SCI with a Recidivism Risk Reduction Incentive eligible sentence of 18 months to 4 years for the possession with intent to deliver charge.

Garcia waived his right to a revocation hearing. On November 22, 2016, the Board recommitted Garcia as both a technical parole violator and convicted parole violator to serve 6 months and 24 months concurrently. The Board determined Garcia's reparole eligibility date to be October 3, 2018, and his parole violation maximum date to be March 31, 2019.

2

On January 17, 2017, Garcia filed an Administrative Remedies Form with the Board asserting that the Board erred in not awarding him sentence credit and in determining the order of service of his sentences and his reparole eligibility date. On July 31, 2018, the Board determined its calculations were correct and affirmed its decision. Garcia now petitions this Court for review.

On appeal,[1] Garcia argues that the Board erred by failing to give him credit for the time he served exclusively on the Board's warrant lodged on February 16, 2016. Counsel has filed a petition for leave to withdraw and a no-merit letter, also referred to as a "*Turner/Finley* letter,"[2] explaining his belief that Garcia's appeal lacks merit.

We first review the technical requirements imposed upon appointed counsel who seeks to withdraw his representation.

> *Turner/Finley* counsel must review the case zealously. *Turner/ Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw;

---

[1] Our review determines whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

[2] In *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), the Pennsylvania Supreme Court, applying *Pennsylvania v. Finley*, 481 U.S. 551 (1987), held that counsel seeking to withdraw from a case in which the right to counsel does not derive from the United States Constitution may provide a "no-merit letter" which details "the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless."

3

and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley,* the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)). If counsel's no-merit letter complies with the technical requirements, this Court independently reviews the merits of the petitioner's claims. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009).

Upon review, we find that Counsel has satisfied the technical requirements of *Turney/Finley*. In his no-merit letter, Counsel detailed Garcia's issue on appeal and explained why it is devoid of merit.[3] Counsel certified that he mailed a copy of his petition for leave to withdraw and no-merit letter to Garcia at SCI-Mahanoy. Further, Counsel served a copy of this Court's November 5, 2018, order on Garcia, which advised him that he could either obtain substitute counsel or file a brief on his own behalf. Having concluded that Counsel has complied with the technical requirements of *Turner/Finley*, we next consider the merits of Garcia's claims.

Garcia argues that the Board failed to give him credit for time served exclusively on the Board's warrant. Section 6138(a)(4) of the Prisons and Parole Code (Parole Code)[4] provides that "[t]he period of time for which a parole violator is required to serve shall be computed from and begin on the date that the parole

---

[3] Although we find Counsel's no-merit letter to be adequate, we note that Counsel could have been more thorough in his analysis, including a conclusion and citations to case law.

[4] 61 Pa. C.S. §§101-6309.

violator is taken into custody to be returned to the institution as a parole violator." 61 Pa. C.S. §6138(a)(4). When a parolee remains incarcerated on new criminal charges because he is unable to satisfy bail requirements, the period of time that the parolee is incarcerated on a Board detainer and is awaiting sentencing on the new charges is applied to the new sentence. *Gaito v. Pennsylvania Board of Probation and Parole,* 412 A.2d 568, 571 (Pa. 1980); *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007). At the time the Board recorded its detainer warrant on February 16, 2016, Garcia was incarcerated in the Lancaster County Prison on the pending drug charges. Garcia failed to make bail on these new charges. Contrary to Garcia's contention, he was not incarcerated solely on the Board's warrant. Garcia's argument that he is entitled to credit for his incarceration from February 16, 2016, to November 22, 2016, lacks merit.

In sum, Counsel has fulfilled the technical requirements for withdrawing his representation, and our independent review of the record before the Board reveals that Garcia's issue on appeal is without merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos R. Garcia,
               Petitioner

           v.

Pennsylvania Board of Probation
and Parole,
               Respondent

:
:
:
:    No. 1119 C.D. 2018
:
:
:
:
:

## **O R D E R**

AND NOW, this 19th day of June, 2019, the order of the Pennsylvania Board of Probation and Parole dated August 2, 2018, is AFFIRMED, and the petition for leave to withdraw as counsel filed by Kent D. Watkins, Esquire, is GRANTED.

_____
MARY HANNAH LEAVITT, President Judge