IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Montae Gerald,                          :
                    Petitioner          :
                                        :
            v.                          :
                                        :
Pennsylvania Board of                   :
Probation and Parole,                   :    No. 765 C.D. 2018
                    Respondent          :    Submitted: October 25, 2019



BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge



OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED:  April 20, 2020


            Montae Gerald (Gerald) petitions for review from the May 11, 2018 order of the Pennsylvania Board of Probation and Parole (Board), which denied Gerald's request challenging the recalculation of his parole violation maximum sentence date.  Gerald is represented by James L. Best, Esquire (Counsel), who asserts that the appeal is without merit and seeks permission for leave to withdraw as counsel.  We vacate the Board's decision, remand the matter to the Board for the issuance of a new decision, and dismiss as moot Counsel's motion for leave to withdraw as counsel.

On March 13, 2014, the Board released Gerald on parole from a state correctional institution where he was serving "[o]verlapping [c]oncurrent" 5-year to 10-year sentences resulting from robbery and burglary convictions. Certified Record (C.R.) at 1-2 & 12. At the time of his release, Gerald's maximum sentence date was October 15, 2018. *Id*. at 2. While on parole, on December 19, 2015, the Philadelphia Police Department arrested Gerald and, on the same day, the Board detained him. *Id*. at 12-15. The next day, on December 20, 2015, the police charged Gerald with multiple crimes and the Court of Common Pleas of Philadelphia County (trial court) set bail at $900,000, which Gerald did not post. *Id*. at 16-17 & 52-61. The Board issued Gerald a notice of charges and scheduled a detention hearing, but Gerald waived his right to counsel and the hearing. *Id*. at 20-22. The Board voted to detain him pending the disposition of the criminal charges. *Id*. at 18-19. On May 12, 2017, Gerald pleaded guilty to four felonies, including robbery, burglary, conspiracy to commit robbery, and possession of a firearm when prohibited. *Id*. at 39-40 & 55-56. The same day, the trial court sentenced Gerald to serve time in a state correctional institution as follows: 7 years, 6 months to 20 years for his robbery, burglary, and conspiracy convictions; and 5 years to 10 years for his possession of a firearm conviction. *Id*. at 39-40.

Based on Gerald's new criminal convictions, the Board issued a notice of charges and scheduled a revocation hearing. C.R. at 41. Gerald waived his right to counsel and a revocation hearing and admitted to the new criminal convictions. *Id*. at 37. On August 24, 2017, the Board voted to recommit Gerald as a convicted parole violator, with no credit for time spent at liberty on parole. *Id*. at 31 & 36. By decision mailed October 3, 2017, the Board notified Gerald of its decision to recommit him as a convicted parole violator, for his unexpired term of 4 years, 7

months, and 1 day (*i.e.*, 1,676 days). *Id*. at 63-65. As a result of Gerald's recommitment, the Board recalculated his maximum sentence date to March 27, 2022. *Id*. at 65.

In response to the Board's October 3, 2017 decision, Gerald filed an administrative remedies form challenging the Board's recalculation of his maximum sentence date. C.R. at 71. On his administrative remedies form,[1] Gerald checked the sentence credit challenge box and order of service of sentences box and provided the following explanation: "My judge order [sic] for my new sentence to be running concurrent with my backtime and that[']s not what my green sheet says [sic] also its on my sentence transcript." *Id*. The Board, in its May 11, 2018 decision, responded to Gerald's request for relief as follows: "Upon review of your case, it was determined there is no indication the Board failed to appropriately recalculate your maximum date and your request for relief is denied." *Id*. at 73.

Gerald, *pro se*, filed a timely petition for review with this Court challenging the Board's decision. By order dated June 12, 2018, this Court appointed Counsel to represent Gerald and granted Gerald's application to proceed *in forma pauperis*. Cmwlth. Ct. Order dated 6/12/18.[2] On January 23, 2019, Counsel

---

[1] The Administrative Remedies Form provided:
> **Petition for Administrative Review (appeal of a revocation decision regarding sentence calculations):**
> Check the Reason(s) for Relief and *Explain*:
> 1.☑Sentence Credit Challenge
> 2.☐Reparole Eligibility Date
> 3.☑Order of Service of Sentences
> 4.☐Other
> Explanation: _____

C.R. at 71.

[2] This Court gave Counsel an opportunity to file an amended petition for review but Counsel did not do so. Cmwlth. Ct. Order dated 6/12/18.

3

filed a motion for leave to withdraw as counsel. In his motion for leave to withdraw as counsel, Counsel states that "there is no basis in law or fact for the appeal" and represents that he sent a copy of his motion and no-merit letter[3] to Gerald. Motion for Leave to Withdraw as Counsel ¶¶ 3-5. We now consider Counsel's request to withdraw.

When court-appointed counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw if counsel satisfies the following requirements: (i) he must notify the petitioner of the request to withdraw; (ii) he must furnish the petitioner with a copy of a no-merit letter; and (iii) he must advise the petitioner of his right to retain new counsel and to raise any new points he might deem worthy of consideration. *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013); *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009). The no-merit letter must detail: (i) the nature and extent of counsel's review; (ii) each issue the petitioner wishes to have raised; and (iii) counsel's explanation as to why those issues are meritless. *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). A no-merit letter must include "substantial reasons for concluding that" a petitioner's arguments are without merit. *Zerby*, 964 A.2d at 962. Once appointed counsel fully complies with these requirements to withdraw, the Court independently reviews the merits of the petitioner's claims. *Id.* at 960.

---

[3] Counsel seeking to withdraw may file an "*Anders* Brief" or a no-merit letter. *See Anders v. California*, 386 U.S. 738 (1967). If petitioner has a constitutional right to counsel, then counsel should file an *Anders* Brief. *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009). In cases where there is no constitutional right to counsel, *i.e.*, an appeal from the Board's decision to recalculate a parolee's maximum sentence date, this Court only requires a no-merit letter explaining why the claim is meritless to support the motion to withdraw. *Id.* at 25-26. The standard applied in this case is whether Gerald's claims are without merit. *Id.* at 26 n.4.

Here, on January 23, 2019, Counsel served Gerald a copy of the motion for leave to withdraw as counsel and the no-merit letter. *See* Certificate of Service attached to the Motion for Leave to Withdraw as Counsel. In his January 23, 2019 letter enclosed with the motion for leave to withdraw as counsel, Counsel advised Gerald that his appeal is "without merit" and advised him that he is free to file his own brief with the Court or, alternatively, to hire private counsel. *See* Motion for Leave to Withdraw as Counsel ¶ 4, Exhibit A, No-Merit Letter to Gerald dated 1/23/19 (No-Merit Letter). On January 30, 2019, Counsel filed a Certificate of Service with this Court certifying that he served Gerald with a copy of this Court's order dated January 24, 2019 by First-Class Mail. *See* Certificate of Service dated 1/30/19. This Court's January 24, 2019 order gave Gerald 30 days to obtain substitute counsel at his own expense or to file a brief on his own behalf in light of Counsel's request to withdraw. *See* Cmwlth. Ct. Order dated 1/24/19 (1)-(2).

In his no-merit letter, Counsel represents that he reviewed the certified record and provided the factual and procedural history of the case. No-Merit Letter at 1-3. Counsel identified the following issue for our consideration: "Did the Board violate . . . Gerald's rights by forfeiting his street time and extending his maximum beyond the judicially set term?" *Id*. at 3. Counsel provided citations to law and, a legal analysis, and concluded that the issue he asserts that Gerald raised is without merit. *Id*. at 2-5. Because Counsel complied with the requirements to withdraw, we now independently review Gerald's claims.

Before this Court,[4] Gerald argues that the Board "does not have [the] power to alter a judicially imposed sentence." Petition for Review ¶ 1. Gerald

---

[4] Gerald's petition for review contains eight paragraphs, most of which appears to be facts or Gerald's statement of law. Petition for Review ¶¶ 3-7.

"asks/requests that all time incarcerated be credited to original sentence as well as parole time at liberty in good standing towards the maximum of his State sentence issued by the judicial system." *Id.* ¶ 8. We cannot, however, ascertain whether Gerald's claims are properly before this Court[5] or whether the Board erred by denying Gerald's request for relief because the Board did not provide reasons for its adjudication. Section 507 of the Administrative Agency Law provides that "[a]ll adjudications of a Commonwealth agency shall be in writing, *shall contain findings and the reasons for the adjudication*, and shall be served upon all parties or their counsel personally, or by mail." 2 Pa. C.S. § 507 (emphasis added). An agency is required to explain the reasons for its decision. *Id.* The Board, in its May 11, 2018 decision, stated, "[u]pon review of your case, it was determined there is no indication the Board failed to appropriately recalculate your maximum date and your request for relief is denied." C.R. at 73. Because the Board failed to explain the reasons for its decision that it properly calculated Gerald's maximum sentence date, this Court is unable to engage in effective appellate review.[6]

---

[5] We note that the Board's regulations provide that petitions for administrative review may be denied if the petition fails to present with "accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration." 37 Pa. Code § 73.1(b)(2). Here, in his petition for administrative review filed with the Board, Gerald checked the sentence credit challenge box and provided a written explanation. C.R. at 71. We are unable to ascertain whether the issues Gerald raised or attempted to raise in his petition for review to this Court were considered by the Board or are properly preserved before this Court.

[6] Our analysis is consistent with memorandum opinions issued by this Court where the Board used the same or similar conclusory language to deny parolees requests for administrative relief challenging their recalculated maximum sentence date. *See*, *e.g.*, *Lovett v. Pa. Bd. of Prob. & Parole*, (Pa. Cmwlth., No. 1153 C.D. 2018, filed August 21, 2019); *Barksdale v. Pa. Bd. of Prob. & Parole*, (Pa. Cmwlth., No. 1402 C.D. 2018, filed August 21, 2019); & *Brown v. Pa. Bd. of Prob. & Parole,* (Pa. Cmwlth., No. 710 C.D. 2018, filed January 25, 2019). Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), unreported panel decisions issued by this Court after January 15, 2008 may be cited for their persuasive value.

Accordingly, we vacate the Board's decision and remand the matter to the Board for the issuance of a decision that sets forth the basis for concluding that the Board properly calculated Gerald's maximum sentence date, and we dismiss as moot Counsel's motion for leave to withdraw as counsel.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Montae Gerald,                          :
               Petitioner          :
                                   :
          v.          :
                                   :
Pennsylvania Board of          :
Probation and Parole,          :   No. 765 C.D. 2018
               Respondent          :

# O R D E R

AND NOW, this 20th day of April, 2020, the May 11, 2018 order of the Pennsylvania Board of Probation and Parole is VACATED, and the matter is REMANDED to the Board for the issuance of a new decision. The motion for leave to withdraw as counsel filed by James L. Best, Esquire, is DISMISSED as moot.

Jurisdiction relinquished.

                                            _____
                                            CHRISTINE FIZZANO CANNON, Judge