IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamal Y. Barr,                                  :
                          Petitioner            :
                                                :
            v.                                  :  No. 891 C.D. 2021
                                                :  Submitted:  July 1, 2022
Pennsylvania Parole Board,                      :
                          Respondent            :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                          FILED:  September 1, 2022


        Jamal Y. Barr (Barr) petitions for review (Petition) of the Pennsylvania Parole
Board's (Parole Board) July 6, 2021 order, which dismissed, as untimely and
unauthorized, Barr's appeals of the Parole Board's parole revocation and
recommitment decision and the Parole Board's denial of parole.  In addition, Barr's
appointed counsel, Daniel C. Bell, Esquire (Counsel), filed an application to
withdraw as counsel, asserting that Barr's appeal is frivolous and without merit.
After review, we grant Counsel's application and affirm the Parole Board's order.

        In 1995, the Philadelphia County Court of Common Pleas (Philadelphia
County) sentenced Barr on multiple counts of criminal offenses, including rape,
possession with intent to deliver drugs, and robbery, to an aggregate term of 20 to

40 years of incarceration. Certified Record (C.R.) at 109. On May 3, 2017, the Parole Board granted Barr parole and released him from incarceration on January 29, 2018. C.R. at 11, 29. At the time of his release, his maximum sentence date was February 23, 2034. C.R. at 12.

On August 17, 2018, the police arrested Barr, charging him with simple assault and terroristic threats. C.R. at 34-37. Based on this incident, the Parole Board issued a warrant to commit and detain Barr on the same date. C.R. at 20. After Barr was found not guilty of the criminal charges, the Parole Board released Barr on September 24, 2019. C.R. at 61.

On January 29, 2020, the police arrested Barr for retail theft. C.R. at 109. Again, on February 13, 2020, the police arrested Barr for another incident of retail theft. C.R. at 109. Based on these charges, the Parole Board issued a warrant to commit and detain Barr on February 13, 2020. C.R. at 87. Barr pled guilty to both counts of retail theft on October 6, 2020, in the Dauphin County Court of Common Pleas (Dauphin County). C.R. at 109. Dauphin County sentenced Barr to an aggregate term of 7 months to 23 months on both cases. C.R. at 117. On November 23, 2020, Barr admitted to the new criminal convictions and waived his parole revocation hearing. C.R. at 109, 111.

By decision recorded on February 4, 2021 (Recommitment Decision), the Parole Board recommitted Barr as a convicted parole violator (CPV) to serve nine months of backtime. C.R. at 175. The Parole Board recalculated Barr's maximum sentence date to October 17, 2034. C.R. at 154.

By decision recorded on May 14, 2021 (Parole Denial Decision), the Parole Board denied Barr parole. C.R. at 162. The Parole Board cited the following reasons for its denial: (1) Barr's need to participate in and complete additional institutional

2

programs, (2) Barr's risks and needs assessment indicating his level of risk to the community, (3) Barr's unsatisfactory prior parole supervision history, (4) Barr's reports, evaluations, and assessment levels indicating a risk to the community, (5) Barr's failure to demonstrate motivation for success, (6) Barr's minimization / denial of the nature and circumstances of the offenses committed, (7) Barr's refusal to accept responsibility for the offenses committed, and (8) Barr's lack of remorse for the offenses committed.  C.R. at 162.

On May 26, 2021, Barr submitted an administrative remedies form challenging the Parole Board's Parole Denial Decision.  C.R. at 164.  Subsequently, on June 14, 2021, Barr submitted an additional administrative remedies form challenging the sentence credit in the Parole Board's Recommitment Decision, which the Parole Board received on June 25, 2021.  C.R. at 192.

On July 6, 2021, the Parole Board denied both of Barr's administrative appeals.  C.R. at 200-01.  The Parole Board denied Barr's challenge to its Recommitment Decision as untimely.  *Id*.  Additionally, the Parole Board denied Barr's challenge to its Parole Denial Decision as unauthorized, indicating that Barr has no right to administrative review of a decision denying parole.  *Id*.

Barr filed his Petition with this Court.  In his Petition, Barr raises several issues including:, whether the Parole Board's Parole Denial Decision was based on insufficient evidence; whether the Parole Board "erred in law" when it denied his administrative appeals as untimely and unauthorized; whether the Parole Board violated his Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution when it modified his correctional plan and sentence maximum date; and, whether the  Parole Board erred when it extended his maximum sentence date.

Petition ¶¶ 1-4.  Counsel filed an application to withdraw as counsel and *Turner* letter[1] asserting that Barr's Petition is without merit.

Before we address the merits of this case, we must first address Counsel's *Turner* letter and application to withdraw.  Where a petitioner seeks review of a Parole Board determination, the Court will permit counsel to withdraw if we concur that the issues raised on appeal are meritless.  *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009) (relying on *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988)).  To properly withdraw, appointed counsel must submit a *Turner* letter that "detail[s] the nature and extent of his review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless."  *Turner*, 544 A.2d at 928.  Where counsel satisfies the *Turner*

---

[1] We use the term "*Turner* letter" in reference to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988), in which the Court set forth "the appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions."  In a parole violation matter where there is no constitutional right to counsel involved and the attorney determines that the violator's case lacks merit, the attorney may file a *Turner* letter seeking leave of court to withdraw representation.  *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009).  A constitutional right to counsel arises in appeals from a decision revoking parole where:

> the petitioner presents a: colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973).  Where a petitioner has a constitutional right to counsel, an attorney seeking to withdraw is required to file an *Anders* brief.  *See Anders v. California*, 386 U.S. 738 (1967) (holding that court-appointed counsel must file what is known as an *Anders* brief when seeking to withdraw from representation in certain circumstances)).  Here, because Barr is challenging the denial of parole and sentence credit, he does not have a constitutional right to counsel.  Therefore, Counsel was required to file, as he did, a *Turner* letter rather than an *Anders* brief.

requirements, we conduct an independent review of the issues raised and, if we concur in counsel's assessment, leave to withdraw may be granted. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, Counsel's letter satisfies *Turner's* technical requirements. It contains a recitation of the relevant factual and procedural history and indicates that Counsel "carefully review[ed] the [r]ecord and thoroughly research[ed] relevant statutory and case law." *Turner* Letter at 1-3. Counsel summarizes Barr's issues raised on appeal and concisely narrows them to a review of (1) the denial of re-parole from a state parole commitment and (2) the recalculation of his maximum sentence date. *Id.* at 3. After consideration of the record and the relevant law, Counsel concludes that Barr's petition is "wholly frivolous." *Id.* at 5. Further, Counsel appropriately provided a copy of his *Turner* letter to Barr, which contains an explanation of Barr's right to obtain counsel or proceed pro se in this matter. *Id.* at 5. Because Counsel satisfied *Turner's* procedural requirements for withdrawal, we now review the merits of Barr's Petition.

First, regarding Barr's appeal of the Parole Board's Recommitment Decision, we consider the jurisdictional issues regarding the timeliness of that appeal. Administrative appeals and petitions for administrative review of a Parole Board decision relating to parole revocation must be received within 30 days of the mailing date of the Parole Board's order. 37 Pa. Code § 73.1(a)(1), (b)(1); *see also* Section 6113(d)(1) of the Prisons and Parole Code, 61 Pa. C.S. § 6113(d)(1); *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). The 30-day period for an appeal of a revocation decision is jurisdictional and cannot be extended absent

exceptional circumstances that warrant *nunc pro tunc* relief.[2] *Smith*, 81 A.3d at 1094. This Court has held that where an inmate fails to meet this 30-day deadline, the Parole Board has no jurisdiction to entertain the appeal and should dismiss it as untimely. *McCullough v. Pa. Bd. of Prob. & Parole*, 256 A.3d 466, 471 (Pa. Cmwlth. 2021) (citation omitted).

Here, the Parole Board received Barr's appeal of its Recommitment Decision on June 25, 2021. The Parole Board found Barr's appeal untimely, having not been filed or submitted to prison officials for mailing within 30 days of February 11, 2021, the date the Parole Board mailed its Recommitment Decision. In Barr's Brief, he asserts the Parole Board "chose to mail [the decision] to St. Petersburg, Florida . . . [and he] did not receive [it] for several months."[3] Barr's Br. at 6. However, the Parole Board, in its Brief, asserts that "[i]t is uncontested that the board action at issue was mailed on [February 11, 2021,] and that it was mailed to the correct institution where Barr was incarcerated." Parole Board Br. at 14-15. In his Reply

---

[2] *Nunc pro tunc* relief is warranted when a delay in filing is caused by extraordinary circumstances that involve fraud, a breakdown in the administrative process, or non-negligent conduct by a petitioner, counsel, or a third-party. *Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1131 (Pa. 1996).

[3] Upon review of the record, the Parole Board correctly addressed and mailed the Recommitment Decision to Barr via "Smart Communications/PADOC" (Smart Communications), which is in St. Petersburg, Florida. C.R. at 175-76. The Parole Board sent all of Barr's communications this way, which is consistent with Pennsylvania Department of Corrections (DOC) policy. We take judicial notice of DOC's policy that all non-privileged incoming inmate mail must be sent to Smart Communications, which is DOC's contracted inmate mail processor. *See* DOC Policy Statement DC-ADM 803(1)(A)(3), which can be found on DOC's website: https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last visited August 31, 2022); *see also Figueroa v. Pa. Bd. of Prob. & Parole*, 900 A.2d 949, 950 n.1 (Pa. Cmwlth. 2006) (taking judicial notice of information found on DOC's website).

Brief, Barr makes the general assertion that the Parole Board mailed its decision to the wrong address, which delayed his response. Barr's Reply Br. at 8.

While Barr's claim appears to be an allegation of fraud or administrative breakdown, Barr fails to indicate when he received the decision, fails to explain how he acted diligently once he received the decision, and fails to explain why his appeal was not filed until June 2021. There is no indication in the certified record that the Recommitment Decision was sent to the wrong location or that this was the reason for the late filing of Barr's administrative appeal. Barr's Petition does not reference this allegation or request entitlement to *nunc pro tunc* relief. Under these circumstances, Barr has not satisfied the heavy burden of establishing that his appeal deadline should have been extended. Because Barr failed to appeal the Recommitment Decision within the 30-day time period, we agree that Barr's administrative appeal was untimely. Therefore, we lack jurisdiction to consider the merits of Barr's appeal of the Parole Board's Recommitment Decision.

Next, we turn to Barr's appeal of the Parole Board's Parole Denial Decision. As the Parole Board correctly asserts, it is well settled that an inmate does not have the right to appeal the denial of parole. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766 (Pa. Cmwlth. 1997). We have held that an inmate has no constitutionally protected liberty interest in the expectation of being released before the expiration of his maximum sentence date. *Id.* (citation omitted). The Parole Board retains broad discretion in parole matters and is in a position best suited to determine whether an inmate is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of the correctional institution. *Id.* (citation omitted). Thus, the Parole Board's decision to deny Barr parole is a matter wholly within the Parole Board's discretion and is not subject to judicial review.

7

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner,* and our independent review of the record confirms that Barr's appeal lacks merit. Accordingly, we grant counsel's application to withdraw as counsel and affirm the Parole Board's order.

_____

STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamal Y. Barr, :
                  Petitioner :
                         :
        v. : No. 891 C.D. 2021
                         :
Pennsylvania Parole Board, :
                Respondent :

# **O R D E R**

      **AND NOW**, this 1st day of September, 2022, the Application to Withdraw as Counsel filed by Daniel C. Bell, Esquire, is **GRANTED**, and the order of the Pennsylvania Parole Board is **AFFIRMED**.

                                  _____

                                  STACY WALLACE, Judge