IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne Dunell,                                      :
                              Petitioner           :
                                                   :
          v.                                       :     No. 1154 C.D. 2022
                                                   :     Submitted: May 19, 2023
Pennsylvania Parole Board,                         :
                              Respondent           :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                     FILED:  November 17, 2023

          Dwayne Dunell (Petitioner) petitions for review of a decision of the
Pennsylvania Parole Board (Board), mailed September 28, 2022, denying his request
for administrative relief.  Additionally, Kent D. Watkins, Esq. (Counsel), Dunell's
court-appointed counsel, has filed an application to withdraw[1] asserting the appeal
lacks merit.  After careful review, we grant Counsel's application to withdraw and
dismiss the appeal as moot.

## I. BACKGROUND[2]

          Petitioner entered a guilty plea to a firearms offense[3] and, on November
3, 2008, received a sentence of 2½ to 7 years of incarceration.  On April 24, 2013,
his maximum date was extended to reflect escape time and detainers.  On October
16, 2014, the Board paroled Petitioner with a maximum date of April 12, 2017.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

[2] Unless otherwise stated, we base this recitation of the facts on the Board's Response to
Administrative Remedies Form, mailed September 28, 2022, which is supported by the record.

[3] *See* 18 Pa.C.S. § 6105(c)(2).

On April 13, 2016, Petitioner was arrested on new charges in Delaware State. Petitioner did not post bail. On March 3, 2017, Petitioner was convicted of drug-related charges and ultimately sentenced to seven years of incarceration in a Delaware State correctional facility. He completed his sentence on February 16, 2022.

On February 25, 2022, Petitioner was transferred from Delaware State to a Pennsylvania state correctional institution. Following a revocation hearing on April 29, 2022, he was recommitted as a convicted parole violator to serve 12 months of backtime. On August 30, 2022, the Board modified its order to award Petitioner 545 days of credit for time spent at liberty on parole, *i.e.*, from his date of release through his new arrest date, and recommitted him to serve his unexpired term of 11 months and 30 days. At that time, his new maximum sentence date was February 16, 2023.

Petitioner, through counsel, filed a petition for administrative review arguing that the award of credit was not properly calculated when determining the Petitioner's maximum sentence date. On September 28, 2022, the Board affirmed its decision, noting that Petitioner was not entitled to presentence credit because he was held solely on new criminal charges up until, and through, his sentencing. He was not available to commence service of his original sentence until February 17, 2022, which placed his new maximum sentence date at February 16, 2023.

Petitioner timely filed a petition of review in this Court. On January 3, 2023, Counsel filed a *Turner* letter and an application to withdraw.

## II. *TURNER* REQUIREMENTS

We first consider whether Counsel's application to withdraw complies with the *Turner* requirements. A *Turner* letter must detail "the nature and extent of

counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted).

Further, counsel must "also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising the petitioner of the right to proceed *pro se* or by new counsel." *Id*. (citation omitted). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id*.

Upon review, we conclude that Counsel has satisfied the technical requirements of *Turner*. Counsel discussed the nature of his review, identified the issues raised in Petitioner's administrative appeal—namely, the calculation of his maximum sentence date following his recommitment to Pennsylvania state custody—and explained why those issues lack merit. *See id.*

Counsel sent a copy of the brief and application to withdraw to Petitioner and advised him of his right to proceed *pro se* or with new counsel. *See* Counsel's Br. at 7-8; Appl. to Withdraw as Counsel, 1/3/22, at 1-2; Certificate of Service, 1/3/22. Petitioner has not retained new counsel, nor has he filed a *pro se* response. Accordingly, we review Petitioner's appeal.

3

## III. DISCUSSION[4]

Petitioner asserts that the Board erred in calculating his maximum sentence date. However, on February 16, 2023, Petitioner's maximum sentence date expired.

"[I]t is well settled that the expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot." *Johnson v. Pa. Bd. of Prob. & Parole*, 300 A.3d 525, 528 (Pa. Cmwlth. 2023); *see also Rhines v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 361 C.D. 2020, filed June 9, 2021), 2021 WL 2350902; *Jackson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 170 C.D. 2020, filed Nov. 19, 2020), 2020 WL 6799149.[5]

A case will be dismissed as moot if there exists no actual case or controversy. *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). This requires "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution." *Johnson*, 300 A.3d at 527 (citations omitted). The controversy must continue through "all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *See id.* Courts

---

[4] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. The Board did not file a brief.

[5] This Court's memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This Court cites to the unreported cases herein for their persuasive value.

4

will not enter judgments or decrees to which no effect can be given.[6] *Mistich*, 863 A.2d at 119.

Instantly, Petitioner's original maximum date was April 12, 2017. He was paroled on October 16, 2014, with 909 days remaining on his original sentence. On April 13, 2016, Petitioner was arrested on new charges and detained through sentencing.[7] He became available to serve his original sentence on February 17, 2022, after completing service of his Delaware sentence. Following his recommitment in Pennsylvania, Petitioner was awarded 545 days of credit for time spent at liberty on parole, leaving 364 days on his original sentence. Therefore, his new maximum sentence date was February 16, 2023.

There is no evidence in the certified record to show that Petitioner has committed any additional crimes or that new criminal charges were brought against him that could further extend his maximum sentence date. Indeed, it appears that Petitioner is no longer in the custody and control of the Commonwealth.[8]

On this record, we conclude that Petitioner cannot establish an ongoing case or controversy. *See Johnson*, 300 A.3d at 527. Any judgment entered would be without effect. *See Mistich*, 863 A.2d at 119.

---

[6] Exceptions, inapplicable here, may be found where "(1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination." *Johnson*, 300 A.3d at 527 (citations omitted).

[7] *See, e.g.*, *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980) (if parolee remains incarcerated prior to trial because he has failed to satisfy bail requirements on new criminal charges, then time spent in custody shall be credited to his new sentence).

[8] *See* Inmate Locator, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited Oct. 6, 2023).

## IV. CONCLUSION

For the foregoing reasons, we grant Counsel's application to withdraw and dismiss the appeal as moot.

_____
LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwayne Dunell,                         :
                  Petitioner       :
                                 :
            v.                   :   No. 1154 C.D. 2022
                                 :
Pennsylvania Parole Board,     :
                  Respondent   :

# **O R D E R**

AND NOW, this 17th day of November, 2023, the Application to Withdraw as Counsel, filed by Kent D. Watkins, Esq. is GRANTED. Further, the Petition for Review filed by Dwayne Dunell on October 25, 2022, from the decision of the Pennsylvania Parole Board entered September 28, 2022, is DISMISSED as moot.

 

                                _____
                                LORI A. DUMAS, Judge