IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Travis Lee Thomas,  :
           Petitioner  :
  :
    v.  :  No. 238 C.D. 2023
  :  Submitted: March 8, 2024
Pennsylvania Parole Board,  :
           Respondent  :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                         FILED:  April 10, 2024


Travis Lee Thomas (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed on February 17, 2023, which denied his request for administrative relief. Additionally, David Crowley, Esq. (Counsel), Petitioner's court-appointed counsel, has filed an application to withdraw,[1] asserting this appeal lacks merit. After careful review, we grant Counsel's application to withdraw and dismiss as moot the petition for review.

## I. BACKGROUND

Petitioner pleaded guilty to two counts of aggravated assault and one count of disorderly conduct and, on December 19, 2001, received a sentence with a maximum sentence date of May 30, 2022.[2] Certified R. at 1. He was initially paroled

---

[1] *See Commonwealth v. Turner*, 544 A.2d 297 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

[2] 18 Pa.C.S. §§ 2702(a)(3), 5503, respectively.

on December 17, 2009. *Id.* at 7. Beginning in December 2011, Petitioner was detained pending criminal charges and recommitted as a technical parole violator (TPV) multiple times.[3] Of relevance are those instances which caused his maximum sentence date to be extended.

He was delinquent from June 10, 2014, until his arrest on August 6, 2014. *Id.* at 23-24. He was recommitted for six months as a TPV and, to account for his period of delinquency, his maximum date was extended to July 26, 2022. *Id.* at 26. He again was delinquent from July 20, 2016, until his arrest on November 6, 2016. *Id.* at 41-42. He was recommitted for 12 months as a TPV and, to account for his period of delinquency, his maximum date was extended to November 12, 2022. *Id.* at 44. Following the same pattern, he again was delinquent, this time for only two days, and recommitted as a TPV, which resulted in his maximum date being extended to November 14, 2022. *Id.* at 53-55. He was reparoled on October 29, 2018. *Id.* at 58.

After approximately two years at liberty, on September 25, 2020, following an arrest, he was detained pending disposition of criminal charges. *Id.* at 64. He was delinquent from the date of his release without recommitment, January 6, 2021, until he was apprehended on April 4, 2021. *Id.* at 65, 68. This period of delinquency extended his maximum sentence date to February 10, 2023. *Id.* at 68.

On July 1, 2021, the Board issued a decision recommitting Petitioner as a TPV to serve 12 months back time and informing Petitioner that his maximum sentence date was subject to change if he was convicted of pending charges. *Id.* at 70-72. Petitioner never posted bail. *Id.* at 113-15. On January 19, 2022, he pleaded guilty to one count of conspiracy to commit forgery and one count of forgery and

_____

[3] This series of arrests did not result in a criminal conviction.

was sentenced to a period of confinement in the Berks County prison of not less than 291 days nor more than 23 months.[4] *Id.* at 95-97, 113-15. On his sentencing date, Petitioner was paroled to the Board's detainer. *Id.* at 125. On February 25, 2022, the Board accepted Petitioner's waiver of a revocation hearing and determined that he should be awarded credit for time at liberty on parole. *Id.* at 101-02.

On March 6, 2022, Petitioner sent the Board an administrative remedies form seeking release on parole. *Id.* at 128-33. The Board received the administrative remedies form on March 9, 2022. *See id.* Before receiving Petitioner's administrative remedies form, the Board rendered a decision on March 7, 2022, which was mailed to Petitioner on March 14, 2022, that Petitioner was recommitted as a convicted parole violator to serve six months concurrently with the 12-month recommitment as a TPV. *Id.* at 126. His maximum sentence date was extended to November 27, 2023, which was calculated by giving him 800 days liberty credit from his parole date of October 29, 2018, until he became delinquent on January 6, 2021. *Id.* at 124-27. Subtracting his 800 days of credit from his back time owed resulted in a remaining back time of 677 days. *Id.* at 124. The 677 days was added to the date of January 19, 2022, when he became eligible to serve his back time upon being paroled from his sentence for his forgery charges. *Id.* at 124-25. This resulted in a maximum date of November 27, 2023. *Id.* at 124-27.

On January 26, 2023, the Board acknowledged receipt of Petitioner's administrative remedies form on March 9, 2022. *Id.* at 144. The Board dismissed as premature Petitioner's challenge to the Board's recalculation of his maximum date because since Petitioner filed his administrative remedies form before the mailing date of the Board's decision, Petitioner failed to comply with the

---

[4] 18 Pa.C.S. §§ 903(a)(1), 4101(a)(2), respectively.

3

requirement of seeking administrative review within 30 days of the mailing date of the Board's decision.[5]  *Id.* at 144-45 (citing 37 Pa. Code § 73.1).  In a decision mailed on February 17, 2023, the Board acknowledged receipt of a February 13, 2023, correspondence from Petitioner challenging the Board's March 7, 2022 decision, and dismissed Petitioner's request for relief as untimely.  *Id.* at 149.

Petitioner, through Counsel, timely petitioned this Court for review of the Board's decision.  The Board filed an application for relief which contained a motion to quash the appeal, and an application to limit our review only to the timeliness of Petitioner's administrative appeal.  We denied the Board's motion to quash and granted the Board's request to limit the issue to whether the Board properly dismissed Petitioner's administrative appeal as untimely filed.  *See* Order, 4/10/23.

On June 21, 2023, Counsel filed a *Turner*/*Finley* letter and an accompanying application to withdraw as counsel, asserting that the appeal was without merit.  On June 29, 2023, we issued an order advising Petitioner of his right to obtain substitute counsel at his own expense or file a brief on his own behalf.  *See* Order, 6/29/23.  Counsel sent our order to Petitioner by first-class mail.  *See* Certificate of Service, 6/30/23.  The matter was submitted to the panel without either party filing a brief.

## II. *TURNER*/*FINLEY* REQUIREMENTS

We first consider whether Counsel's application to withdraw complies with the *Turner*/*Finley* requirements.  A *Turner*/*Finley* letter must detail "the nature

---

[5] The Board also dismissed Petitioner's request for relief as unauthorized because "to the extent [he] raise[d] concerns regarding [his] original sentence calculations, that responsibility lies solely with the Department of Corrections, not the [] Board."  Certified R. at 144-45 (citing *Gillespie v. Dep't of Corr.*, 527 A.2d 1061 (Pa. Cmwlth. 1987)).

and extent of counsel's diligent review of the case, listing the issues [that] the petitioner wants . . . reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted). Counsel must "also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id*. (citation omitted). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id*.

Upon review, we conclude that Counsel has satisfied the technical requirements of *Turner*/*Finley*. Counsel discussed the nature of his review, identified the issues raised in Petitioner's appeal, and explained why those issues lack merit. *See Turner*/*Finley* Letter, 6/21/23. Specifically, Counsel noted that Petitioner's failure to timely petition the Board precluded appellate review. *See id.* at 6-9. Additionally, Counsel sent Petitioner copies of his *Turner*/*Finley* letter, the application to withdraw, and a statement advising Petitioner of his right to proceed *pro se* or by new counsel. *See id.* at Proof of Service; Appl. to Withdraw, 6/21/23, ¶ 3. Therefore, Counsel sufficiently complied with the requirements to withdraw as counsel. *See Zerby*, 964 A.2d at 960.

### III. DISCUSSION[6]

Petitioner challenges the Board's calculation of his maximum sentence date. However, Petitioner's maximum sentence date expired on November 27, 2023.

---

[6] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

"[I]t is well settled that the expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot." *Johnson v. Pa. Bd. of Prob. & Parole*, 300 A.3d 525, 528 (Pa. Cmwlth. 2023); *see also Rhines v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 361 C.D. 2020, filed June 9, 2021), 2021 WL 2350902; *Jackson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 170 C.D. 2020, filed Nov. 19, 2020), 2020 WL 6799149.[7]

A case will be dismissed as moot if there exists no actual case or controversy. *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). This requires "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution." *Johnson*, 300 A.3d at 527 (citations omitted). The controversy must continue through "all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *See id.* Courts will not enter judgments or decrees to which no effect can be given.[8] *Mistich*, 863 A.2d at 119.

Instantly, Petitioner's original maximum sentence date was May 30, 2022. He was initially paroled on December 17, 2009. Multiple periods of delinquency resulted in his maximum date being extended to February 10, 2023.

---

[7] This Court's memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This Court cites to the unreported cases herein for their persuasive value.

[8] Exceptions, inapplicable here, may be found where "(1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination." *Johnson*, 300 A.3d at 527 (citations omitted).

The final extension of his maximum date to November 27, 2023, was a result of his remaining 677 days of back time being added to the date when he was paroled to the Board's detainer on January 19, 2022. Therefore, his final maximum sentence date was November 27, 2023.

There is no evidence in the certified record to show that Petitioner has committed any additional crimes or that new criminal charges were brought against him that could further extend his maximum sentence date. Indeed, it appears that Petitioner is no longer in the custody and control of the Commonwealth.[9]

On this record, we conclude that Petitioner cannot establish an ongoing case or controversy because his maximum date has expired. *See Johnson*, 300 A.3d at 527. Any judgment entered would be without effect. *See Mistich*, 863 A.2d at 119. Therefore, we must dismiss the case as moot. *See id.*; *Johnson*, 300 A.3d at 528.

## IV. CONCLUSION

For the foregoing reasons, we grant Counsel's application to withdraw and dismiss as moot the petition for review.

LORI A. DUMAS, Judge

---

[9] *See* Inmate Locator, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited April 9, 2024).

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Travis Lee Thomas,                  :
                    Petitioner       :
                                     :
        v.                           :    No. 238 C.D. 2023
                                     :
Pennsylvania Parole Board,           :
                    Respondent       :

# **O R D E R**

AND NOW, this 10th day of April, 2024, the application by David Crowley, Esq., to withdraw as counsel is GRANTED and the petition for review filed by Travis Lee Thomas is DISMISSED AS MOOT.


_____
LORI A. DUMAS, Judge