# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Lee James, : 
      Petitioner :
  :  No. 150 C.D. 2024
      v. :
  :  Submitted: February 4, 2025
Pennsylvania Parole Board, :
      Respondent :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE LORI A. DUMAS, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                             **FILED:  March 5, 2025**

Ronald Lee James (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed January 24, 2024, denying his request for administrative relief.  Additionally, Kent D. Watkins, Esq. (Counsel), Petitioner's court-appointed counsel, has filed a letter pursuant to *Commonwealth v. Turner* and an application to withdraw[1] asserting this appeal lacks merit.  After careful review, we deny Counsel's application to withdraw and direct him to file either an amended application to withdraw or a brief addressing the merits of the petition for review.

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

# I. BACKGROUND[2]

Petitioner served a term of 2 years and 3 months to 4 years and 6 months as a result of a drug-related conviction with minimum and maximum sentence dates of April 16, 2019, and July 16, 2021, respectively. *See* Order to Release on Parole/Reparole, 5/28/19. On August 2, 2019, Petitioner was paroled.

On June 18, 2021, Petitioner was arrested on new criminal charges, and the Board lodged its detainer against him that same day. *See* Bd.'s Warrant to Commit and Detain, 6/18/21. On July 16, 2021, Petitioner reached his maximum date, and so the Board released its warrant on July 21, 2021. *See* Order to Release from Temp. Det. or to Cancel Warrant to Commit and Detain, 7/21/21. Petitioner posted bail on August 23, 2021. *See* Ct. of Common Pleas of Northampton Cnty. Docket No. CP-48-CR-0002143-2021. Then, on April 3, 2023, Petitioner was sentenced to a new term of incarceration for a drug-related conviction.[3] The Department of Corrections (DOC) issued a warrant on April 28, 2023, following notification of the conviction, to recommit Petitioner to serve 12 months of backtime as a convicted parole violator (CPV).

A parole revocation hearing was held on August 1, 2023, and the Board voted to revoke Petitioner's parole on August 15, 2023. In its decision to revoke parole, the Board also denied Petitioner credit for time spent at liberty on parole, stating that it was within the Board's discretion to do so. The Board based its reasoning on Petitioner's conviction for the same or similar offense as his original conviction and his ongoing unresolved drug and alcohol issues. Additionally, the

---

[2] Unless otherwise stated, we base the recitation of the facts on the Board's response to Petitioner's administrative remedies form, mailed January 24, 2024. *See* Resp. to Admin. Remedies, 1/24/24, at 1-3

[3] Petitioner was sentenced in the Northampton County Court of Common Pleas under docket CP-48-CR-0002143-2021.

Board considered in its decision the sanctions imposed on Petitioner for cocaine use and the fact that the new offense involved a controlled substance. Furthermore, the Board noted that any credit for time spent incarcerated that was not applied toward Petitioner's original sentence may be calculated by DOC and applied toward his new sentence after he begins serving that term.

The Board recalculated Petitioner's maximum date to be July 29, 2025, and his reparole eligibility date to be August 15, 2024. Petitioner subsequently sought administrative relief, with the help of Counsel, disputing his reparole eligibility date and challenging the Board's decision to deny him credit for time spent at liberty on parole and for all time served exclusively pursuant to the Board's warrant. After review, the Board denied Petitioner's requests for relief.

Then, on February 22, 2024, Counsel filed a petition for review on behalf of Petitioner, arguing that the Board: (1) failed to give Petitioner credit for all time served exclusively on the Board's warrant or while incarcerated; (2) abused its discretion by failing to give Petitioner credit for all time in good standing on parole; and (3) incorrectly recalculated Petitioner's parole eligibility date. *See* Pet. for Rev., 2/22/24 at 1-2. However, on May 13, 2024, Counsel filed a *Turner* letter and an application to withdraw as counsel, asserting that Petitioner's issues lacked merit. *See* Counsel's *Turner* Letter, 5/13/24 at 1.

## II. *TURNER/FINLEY* REQUIREMENTS

We first consider whether Counsel's letter and application to withdraw comply with the *Turner* requirements. A *Turner* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa.

3

Cmwlth. 2009) (citation omitted); *see also Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009) (quoting *Turner*, 544 A.2d at 928, stating that counsel's letter must detail "the nature and extent of [counsel's] review and list[] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless").

Further, counsel must "send to petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* (citation omitted). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id.*

Here, Counsel has identified several issues raised by Petitioner in his appeal, which the Board addressed in its opinion. *See generally* Counsel's *Turner* Letter. After conducting what is described as an "exhaustive examination" of the record, Counsel concludes that Petitioner's claims lack merit. *See id.* at 1. Counsel's *Turner* letter outlines the issues raised by Petitioner, provides justifications for the Board's recalculation of Petitioner's maximum sentence and reparole eligibility dates, and explains the denial of credit for time spent at liberty on parole and time served exclusively on the Board's warrant. *See generally* Counsel's *Turner* Letter. Additionally, the letter includes the procedural history of the case, demonstrating Counsel's review of the record, and advises Petitioner of his rights in relation to the letter. *See id.*

However, Counsel's analysis contains a significant flaw, such that we are not convinced a "diligent review of the case" was conducted. While Counsel accurately articulates that Petitioner was convicted of drug-related offenses in both

4

the original and the new sentence, his analysis of the Board's decision to deny Petitioner credit is deficient. Specifically, Counsel states that "[P]etitioner was convicted of possession of a firearm while on parole for voluntary manslaughter and aggravated assault which involved him shooting and killing a person. His decision to obtain a firearm again shows poor decision making and high-risk behavior and the award of credit was denied on that basis." *See* Counsel's *Turner* Letter at 6. This statement is unsupported by the record. Instead, the record reflects that the Board's denial of credit was based on Petitioner's conviction for a similar offense, his supervision failures, and unresolved substance abuse issues. *See* Resp. to Admin. Remedies, 1/24/24, at 1.

The discrepancy between Counsel's recitation of the case history and his analysis of Petitioner's claims suggests that further review by Counsel would be appropriate. As such, Counsel has not demonstrated compliance with the standards outlined in *Turner*. *See Zerby*, 964 A.2d at 960; *Hughes*, 977 A.2d at 26.

### III. CONCLUSION

Counsel has not fulfilled the *Turner* requirements. Accordingly, we deny Counsel's application to withdraw but grant counsel leave to file an amended application for leave to withdraw and no-merit letter within 30 days. Alternatively, Counsel may file a brief in support of the petition for review. *See Zerby*, 964 A.2d at 960; *Hughes*, 977 A.2d at 26.

_____
**LORI A. DUMAS, Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Ronald Lee James,                :
           Petitioner        :
                                :    No. 150 C.D. 2024
          v.                   :
                                  :
Pennsylvania Parole Board,     :
           Respondent      :

## **O R D E R**

AND NOW, this 5th day of March, 2025, the Application to Withdraw, filed by appointed counsel, Kent D. Watkins, Esq., on May 13, 2024, is DENIED. Within 30 days, appointed counsel shall file an amended Application to Withdraw or, alternatively, an appellate brief in support of Ronald Lee James' Petition for Review.

 

_____
**LORI A. DUMAS, Judge**